IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDRICK CHERRY, | Civil Action No. |
| **Plaintiff,** | 2:21-CV-143-RWS-JCF |
| v. | |
| SPECIALTY APPLIANCES LLC., | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Fredrick Cherry ("Plaintiff"), by and through his undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

## I.      NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

1

## II.    ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.  Plaintiff filed his charge of discrimination against Defendant Specialty Appliances, LLC. ("Defendant") with the EEOC on September 24, 2020; the EEOC issued its Notice of Right to Sue on April 28, 2021.

3.

Plaintiff timely filed this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC

## III.    JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

5.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## IV.      **PARTIES**

6.

Plaintiff is an African American male citizen of the United States of America, and is subject to the jurisdiction of this Court.

7.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant is now and, at all times relevant hereto, has been a domestic for-profit corporation engaged in an industry affecting commerce.   During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII.   Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process through their Registered Agent, Scott Huge at 4905 Hammond Industrial Drive, Ste. J, Cumming, Georgia 30041.

## V.        FACTUAL ALLEGATIONS

### 10.

The Agency employed Plaintiff as Assistant Production manager from on or around May 15, 2019, until on or around June 21, 2020.

### 11.

Plaintiff was the only African American Manager at the Agency, with all other managers being Caucasian.

### 12.

In March 2020, the Agency furloughed all employees due to the COVID-19 pandemic.

### 13.

On or around June 1, 2020, the Agency notified Plaintiff that his lay off would be permanent. Plaintiff was the only manager to be permanently laid off from the Agency.

### 14.

In addition, Plaintiff was the only African American manager at the Agency. Plaintiff has reason to believe that his previous position was not only posted after he was permanently laid off, but also filled.

15.

In December 2020, Plaintiff and the Agency took participated in mediation to resolve the matter. However, the mediation was unsuccessful.

## VI.      CLAIMS FOR RELIEF

## COUNT ONE:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII

16.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

17.

Defendant's actions in subjecting Plaintiff to ongoing race discrimination constitute       unlawful       discrimination       on       basis       of ("Plaintiff's") race in violation of Title VII.

18.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

19.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect heis status as an employee because of his race.

20.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

21.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT TWO:  VIOLATION OF 42 U.S.C. § 1981

22.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

23.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race.

24.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

25.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

26.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

27.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

28.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

29.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**WHEREFORE**, Plaintiff judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant The Salvation Army, has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted the 30th day of June, 2021.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
Email: *jstephens@forthepeople.com*